UNITED STATES of America,
Plaintiff–Appellee,

v.

Ramon CASILLAS, aka Luis Angel Cervantes–Camacho,
Defendant–Appellant.

No. 07–50363.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Valerie Hsieh Chu, Esquire, Roger W. Haines, Jr., Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sylvia A. Baiz, Esquire, Law Offices of Sylvia A. Baiz, San Diego, CA, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Ramon Casillas appeals from the district court's order permitting the government to medicate him involuntarily for the purpose of rendering him competent for trial. We have jurisdiction, *see Sell v. United States,* 539 U.S. 166, 175–77, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003), and we vacate and remand.

■ Casillas contends that the district court's order does not satisfy the specificity requirements set forth in our intervening decision in *United States v. Hernandez–Vasquez,* 513 F.3d 908, 916–17 (9th Cir.2008). We agree, and we vacate and remand because the district court did not identify the specific medications and maximum dosages that may be administered. *See id.*

■ Casillas also contends that the district court abused its discretion by denying his request for a continuance so that his counsel could review the medical records from his prior incarcerations. We agree because the denial of a continuance "deprived the court of a medically-informed record," including information about the effectiveness and side-effects of particular anti-psychotic medications that were previously prescribed to Casillas. *See United*

---

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

*States v. Rivera–Guerrero,* 426 F.3d 1130, 1143 (9th Cir.2005).

Finally, Casillas contends that the district court misapplied the four-factor test set forth in *Sell v. United States,* 539 U.S. at 180–81, 123 S.Ct. 2174. We decline to address this contention. However, on remand, the district court should conduct a new *Sell* analysis that takes into consideration our guidance in *Hernandez–Vasquez* and any relevant information from Casillas's prior medical records.

**VACATED and REMANDED.**